[Civ. No. 12026.   Second Appellate District, Division One.—April 24, 1939.]

MILTON S. RUNKLE, Respondent, v. W. G. LANE et al., Appellants.

C. H. Scharnikow and William J. Clark for Appellants.

Thomas F. McCue for Respondent.

YORK, P. J.—Respondent has made a motion in this court to dismiss the within appeal from an order of the trial court denying appellants' motion to dissolve and discharge an attachment, or to affirm such order, on the grounds that appellants have failed to present any substantial question and that said appeal appears to have been taken for delay only.

The clerk's transcript reveals that respondent purchased from appellants three certain documents denominated "Certificates of Assignment" which purported to assign to respondent undivided interests in certain notes, each certificate stating: "Note above described is a portion of a loan aggregating

$90,000.00 secured by Deed of Trust covering lands in Modoc County, California." Alleging fraud, respondent served notice of rescission and sued for money had and received, and filed contemporaneously with the complaint his affidavit for attachment. Appellants thereupon filed their motion to dissolve the attachment and respondent filed his amended affidavit which was stricken upon motion of appellants. Respondent then filed another amended affidavit in support of the attachment, alleging that the certificates issued to him were void because no permit from the corporation commissioner had first been obtained, and also alleging that if they could be deemed security, such security had become valueless. The trial court denied the motion to dissolve the attachment, and this appeal is prosecuted from such order of denial, in which it is urged (a) that the complaint and the exhibits attached thereto show that respondent had a lien on both real and personal property, and that therefore his claim is secured; (b) that the amended affidavit for attachment is insufficient to support the attachment.

Appellants assert in their opening brief on appeal that the amended affidavit is insufficient because (1) it does not show that respondent's claim is not secured; (2) that it does not show that if originally secured the security has become valueless; (3) that on the contrary it shows that there is security of substantial value.

Respondent in the instant proceeding to dismiss or affirm restates the questions upon appeal and urges the following propositions:

1. That the instrument sued upon in each instance constitutes a corporate security;

2. That because it constitutes such security it is void;

3. That being void it does not constitute any security.

From the foregoing *résumé* it readily appears that the appeal herein presents a debatable question of law. Therefore, the motion to dismiss or affirm is denied. (*Taketa* v. *Policy Holders Life Ins. Assn.*, 127 Cal. App. 758 [16 Pac. (2d) 312].)

Doran, J., and White, J., concurred.